IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ASHLEY CARTER § § | |
| VS. § | CIVIL ACTION NO: 4:08-cv-289 |
| § | |
| GENERAL REVENUE CORPORATION § § | |
| § | JURY DEMAND |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW ASHLEY CARTER, Plaintiff in the above-numbered and styled case, complaining of and against GENERAL REVENUE CORPORATION and for cause of action would respectfully state the following:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer alleging that Defendant has violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), the Texas Debt Collection Act, Tex. Fin. Code § 392.300 et. seq. (hereinafter "TDCA") and the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41 et. seq. (hereinafter "DTPA").

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and supplemental jurisdiction for the state law claims is afforded by 28 U.S.C. § 1367. Venue in this District is proper in that the Plaintiff resides here, the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff, ASHLEY CARTER, (herein after "Carter") is an individual residing in Houston, Texas.

4. Defendant, GENERAL REVENUE CORPORATION, (herein after "GRC") is a collection agency and/or attorney debt collector with his principal place of business at 11501 NORTHLAKE DR.; CINCINNATI, OH 45249-1669.

5. Defendant GRC, can be served with process through its registered agent in Texas: CT CORPORATION SYSTEM; 350 N ST PUAL ST, DALLAS, TX 75201.

6. The principal purpose of Defendant is the collection of debts using telephone and mail, and the defendant regularly attempts to collect debts alleged to be due another.

## IV.  FACTUAL ALLEGATIONS

7. Defendants sought to collect a debt from Plaintiff for an alleged student loan debt used for personal, family and household purposes.

8. On or about January 15th 2007, GRC attempted to contact Carter at her residence. Cater was not home and the call was answered by "Chris" who is Carters neighbor.  Chris was staying at Carters home while she was at work.

9. The representative from GRC asked Chris if Carter was home and Chris stated that she was at work.  The GRC representative then stated "well, where does she work".  Chris asked why the representative was calling and why they wanted to know. The GRC representative subsequently disclosed to Chris that Carter owed four-thousand dollars on a student loan and she needed to pay immediately.  The GRC representative then became verbally abusive and threatening to Chris.  The call was ended.

10. Chris subsequently contacted Carter to relay the message that a collector had told him that she owed four-thousand dollars on a student loan and they were trying to find her.  Carter became extremely upset that the collector had illegally disclosed her personal information to her neighbor and attempted to contact GRC.

11. Carter called GRC and asked to speak with a manager.  When Carter asked why they disclosed facts about the debt to her neighbor, the supervisor became abusive and threatening.

The supervisor stated that "we spoke to your spouse and you obviously don't know the privacy laws in your state". The supervisor then stated "we can tell your spouse whatever we want."

12. Carter, who is not married, denied that her neighbor identified himself as her spouse. Of course, even if the neighbor was her spouse, the disclosure to anyone other than the consumer about the debt is forbidden under U.S.C. 1592c without express consent from the consumer. The supervisor continued to talk down to Carter and again explained that they were justified in disclosing the debt to Chris because he is her spouse. Carter explained that Chris was a neighbor and the supervisor responded by stating: "why do you have all kinds of people in and out of your house"

13. Carter demanded the address for GRC. The supervisor refused to provide the address and asked why Carter needed it. Carter explained that she wanted to send a Cease and Desist letter. The supervisor refused to give her the address and stated: "only if you want to make a payment".

### V. CLAIM FOR RELIEF UNDER FAIR DEBT COLLECTION PRACTICES ACT

14. Plaintiff incorporates paragraphs 1-13 above.

15. Defendant violated the FDCPA by using language the natural consequence of which is to harass, oppress or abuse Plaintiff in violation of 15 U.S.C. § 1692(d).

16. Defendant disclosed to "Chris" that the consumer owes a debt in violation of §1692b(2) and §1692c(b).

17. Defendant violated the FDCPA by failing to send a written 30 day validation notice within 5 days of the initial communication in violation of §1692(g).

18. As a result of these violations of the FDCPA, Defendant is liable to the Plaintiff for a declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney's fees.

### VI. CLAIM FOR RELIEF UNDER THE TEXAS DEBT COLLECTION ACT AND THE TEXAS DECEPTIVE TRADE PRACTICES ACT

19. Plaintiff incorporates paragraphs 1-13 above.

20. Defendant violated the TDCA by using language the natural consequence of which is to harass, oppress or abuse Plaintiff in violation of Tex. Fin. Code § 392.302(1).

21. Defendant violated the TDCA by failing to maintain a surety bond in the State of Texas in violation of §392.101.

22. Because violations of the TDCA constitute deceptive trade practices under Tex Fin. Code § 392.404(a), Defendant has also violated the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41 et. seq.  furthermore, because the Defendant acted knowingly and/or intentionally, under the DTPA, Plaintiff is entitled to treble damages.

23. As a result of these violations of the TDCA and the DTPA, Defendant is liable to the Plaintiff injunctive relief, actual damages, statutory damages, punitive damages, and costs and attorney's fees.

## VII. JURY DEMAND

24. Plaintiff demands a jury trial.

## VIII. PRAYER

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Injunctive relief for the Defendant's violations of the TDCA and the DTPA; B. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1), Tex. Fin. Code § 392.403(a)(2) and Tex. Bus. & Com. Code § 17.50(b)(1);

B. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and Tex. Fin. Code § 392.403(e);

C. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3), Tex. Fin. Code § 392.403(b) and Tex. Bus. & Com. Code § 17.50(d), including fees in the event of appeal;

D. Treble damages, pursuant to Tex. Bus. & Com. Code § 17.50(b)(1), and

E. Punitive damages, pursuant to the Texas Deceptive Trade Practices Act to deter

      the repeated conduct of the Defendant.

E.    Such other and further relief as may be just and proper.

Respectfully Submitted:

**Weston & Associates, PLLC**

By: /s/ Michael W. Weston
Michael W. Weston
Texas Bar No. 24035575, FID # 608664
3100 Weslayan, Ste 250
Houston, Texas  77027
Tel. (713)623-4242
Fax. (713)623-2042